IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-CV-61450-RS

SHERICKA BARBER,

   *Plaintiff*,

vs.

RYDER LAST MILE, INC.,

   *Defendant*.

_____/

### DEFENDANT'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Defendant, Ryder Last Mile, Inc., (hereinafter "Defendant"), by and through its undersigned attorneys and hereby files its Answer, Defenses and Affirmative Defenses to Plaintiff's Amended Complaint in the above-referenced action. In support thereof, Defendant states as follows:

### ANSWER

### PARTIES, JURISDICTION, AND VENUE

1. Defendant is without sufficient knowledge to admit or deny where Plaintiff resides or to know whether she is currently *sui juris*. To the extent a response is necessary, Defendant denies the allegations in Paragraph No. 1 of Plaintiff's Amended Complaint.

2. Upon information and belief, Defendant admits the allegations set forth in Paragraph No. 2 of Plaintiff's Amended Complaint.

3. Defendant admits the allegations set forth in Paragraph No. 3 of Plaintiff's Amended Complaint.

4. Defendant admits the allegations set forth in Paragraph No. 4 of Plaintiff's Amended Complaint.

5. The allegations set forth in Paragraph No. 5 of Plaintiff's Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant admits the allegations set forth in Paragraph No. 6 of Plaintiff's Amended Complaint, for jurisdictional purposes only, to the limited extent Plaintiff alleges that she is seeking damages greater than $100,000.00; however, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action.

7. Defendant admits the allegations set forth in Paragraph No. 7 of Plaintiff's Amended Complaint, for jurisdictional purposes only, to the limited extent Plaintiff alleges that she is seeking damages and is proceeding under the Federal law with supplemental/pendent jurisdiction over any related state law claim(s); however, Defendant denies that Plaintiff is entitled to any relief whatsoever in this action.

8. Defendant admits venue is proper but denies the remaining allegations set forth in Paragraph No. 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations set forth in Paragraph No. 9 of Plaintiff's Amended Complaint.

## COMMON FACTUAL BACKGROUND

10. Upon information and belief, Defendant admits the allegations set forth in Paragraph No. 10 of Plaintiff's Amended Complaint.

11. Defendant admits the allegations set forth in Paragraph No. 11 of Plaintiff's Amended Complaint.

12. Defendant admits the allegations set forth in Paragraph No. 12 of Plaintiff's Amended Complaint.

13. Defendant admits the allegations set forth in Paragraph No. 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations set forth in Paragraph No. 14 of Plaintiff's Amended Complaint.

15. Defendant admits the allegations set forth in Paragraph No. 15 of Plaintiff's Amended Complaint.

16. Defendant admits the allegations set forth in Paragraph No. 16 of Plaintiff's Amended Complaint to the extent it alleges Ashley Lacadre is, or was, a Ryder employee, but denies all remaining allegations contained in Paragraph No. 16.

17. Defendant is without knowledge of, and therefore denies, the allegations set forth in Paragraph No. 17 of Plaintiff's Amended Complaint.

## COUNT I – SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

18. Paragraph No. 18 is a recitation of the law and requires no response from Defendant as the law will speak for itself.

19. Defendant admits the allegations set forth in Paragraph No. 19 of Plaintiff's Amended Complaint to the limited extent it alleges Plaintiff was a Ryder employee on or after April 2018.

20. Defendant admits the allegations set forth in Paragraph No. 20 of Plaintiff's Amended Complaint to the limited extent that it alleges Plaintiff was a Black woman, the remaining allegations state legal conclusions to which no response is required.

21. Defendant denies the allegations set forth in Paragraph No. 21 of Plaintiff's Amended Complaint.

22. Defendant is without knowledge of, and therefore denies, the allegations set forth in Paragraph No. 22 of Plaintiff's Amended Complaint.

23. Defendant is without knowledge of, and therefore denies, the allegations set forth in Paragraph No. 23 of Plaintiff's Amended Complaint.

24. Defendant denies the allegations set forth in Paragraph No. 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph No. 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph No. 26 of Plaintiff's Amended Complaint.

27. Defendant denies the allegations set forth in Paragraph No. 27 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations set forth in Paragraph No. 28 of Plaintiff's Amended Complaint.

29. Defendant denies the allegations set forth in Paragraph No. 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations set forth in Paragraph No. 30 of Plaintiff's Amended Complaint.

31. Defendant denies the allegations set forth in Paragraph No. 31 of Plaintiff's Amended Complaint.

32.     Defendant denies the allegations set forth in Paragraph No. 32 of Plaintiff's Amended Complaint.

33.     Defendant denies the allegations set forth in Paragraph No. 33 of Plaintiff's Amended Complaint.

34.     Defendant denies the allegations set forth in Paragraph No. 34 of Plaintiff's Amended Complaint.

35.     Defendant denies the allegations set forth in Paragraph No. 35 of Plaintiff's Amended Complaint.

36.     Defendant denies the allegations set forth in Paragraph No. 36 of Plaintiff's Amended Complaint.

37.     Defendant denies the allegations set forth in Paragraph No. 37 of Plaintiff's Amended Complaint.

38.     Defendant denies the allegations set forth in Paragraph No. 38 of Plaintiff's Amended Complaint.

39.     Defendant denies the allegations set forth in Paragraph No. 39 of Plaintiff's Amended Complaint.

40.     Defendant denies the allegations set forth in Paragraph No. 40 of Plaintiff's Amended Complaint.

41.     Defendant denies the allegations set forth in Paragraph No. 41 of Plaintiff's Amended Complaint.

42.     Defendant is without knowledge of, and therefore denies, the allegations set forth in Paragraph No. 42 of Plaintiff's Amended Complaint to the extent it alleges Plaintiff began

seeking a psychiatrist; however, Defendant denies Plaintiff was subject to any sexual harassing behavior and therefore denies all remaining allegations.

43. Defendant admits that in May 2021, Mr. Dipaolo informed Plaintiff that he was changing her work shift as alleged in Paragraph No. 43 of Plaintiff's Amended Complaint.

44. Defendant admits that Plaintiff stated that the schedule change would interfere with picking her children up after school but denies all remaining allegations in Plaintiff's Amended Complaint.

45. Defendant denies the allegations set forth in Paragraph No. 45 of Plaintiff's Amended Complaint.

46. Defendant admits the allegations set forth in Paragraph No. 46 of Plaintiff's Amended Complaint to the extent that Defendant informed Plaintiff her shift ultimately would be changed but denies all remaining allegations.

47. Defendant denies the allegations set forth in Paragraph No. 47 of Plaintiff's Amended Complaint.

48. Defendant admits the allegations set forth in Paragraph No. 48 of Plaintiff's Amended Complaint.

49. Defendant admits the allegations set forth in Paragraph No. 49 of Plaintiff's Amended Complaint to the extent it alleges that she resigned on May 24, 2021, but denies all remaining allegations.

50. Defendant denies the allegations set forth in Paragraph No. 50 of Plaintiff's Amended Complaint.

51. Defendant denies the allegations set forth in Paragraph No. 51 of Plaintiff's Amended Complaint.

52. Defendant denies the allegations set forth in Paragraph No. 52 of Plaintiff's Amended Complaint.

53. Defendant admits the allegations set forth in Paragraph No. 41 of Plaintiff's Amended Complaint to the extent she alleges that she did not work out her two weeks' notice period, but denies all remaining allegations.

54. Defendant denies the allegations set forth in Paragraph No. 54 of Plaintiff's Amended Complaint.

55. Defendant denies the allegations set forth in Paragraph No. 55 of Plaintiff's Amended Complaint.

56. Defendant denies the allegations set forth in Paragraph No. 56 of Plaintiff's Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" section concluding Count I of Plaintiff's Amended Complaint.

## COUNT II – RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

57. Paragraph No. 57 is a recitation of the law and requires no response from Defendant as the law will speak for itself.

58. Defendant admits the allegations set forth in Paragraph No. 58 of Plaintiff's Amended Complaint to the limited extent it alleges Plaintiff was a Ryder employee on or after April 2018.

59. Defendant admits the allegations set forth in Paragraph No. 59 of Plaintiff's Amended Complaint to the limited extent that it alleges Plaintiff was a Black woman, the remaining allegations state legal conclusions to which no response is required.

60. Defendant admits the allegations set forth in Paragraph No. 60 of Plaintiff's Amended Complaint.

61. Defendant denies the allegations set forth in Paragraph No. 61 of Plaintiff's Amended Complaint.

62. Defendant denies the allegations set forth in Paragraph No. 62 of Plaintiff's Amended Complaint.

63. Defendant is without knowledge of, and therefore denies, the allegations set forth in Paragraph No. 63 of Plaintiff's Amended Complaint.

64. Defendant denies the allegations set forth in Paragraph No. 64 of Plaintiff's Amended Complaint.

65. Defendant denies the allegations set forth in Paragraph No. 65 of Plaintiff's Amended Complaint.

66. Defendant denies the allegations set forth in Paragraph No. 66 of Plaintiff's Amended Complaint.

67. Defendant denies the allegations set forth in Paragraph No. 67 of Plaintiff's Amended Complaint.

68. Defendant admits the allegations set forth in Paragraph No. 68 of Plaintiff's Amended Complaint to the extent it alleges that Ashley Lacadre was an employee of Defendant but denies all remaining allegations.

69. Defendant denies the allegations set forth in Paragraph No. 69 of Plaintiff's Amended Complaint.

70. Defendant admits the allegations set forth in Paragraph No. 70 of Plaintiff's Amended Complaint that Defendant has a policy that two administrative staff members cannot be on personal time off on the same day but denies all remaining allegations.

71. Defendant admits the allegations set forth in Paragraph No. 71 of Plaintiff's Amended Complaint.

72. Defendant denies the allegations set forth in Paragraph No. 72 of Plaintiff's Amended Complaint.

73. Defendant denies the allegations set forth in Paragraph No. 73 of Plaintiff's Amended Complaint.

74. Defendant denies the allegations set forth in Paragraph No. 74 of Plaintiff's Amended Complaint.

75. Defendant denies the allegations set forth in Paragraph No. 75 of Plaintiff's Amended Complaint.

76. Defendant denies the allegations set forth in Paragraph No. 76 of Plaintiff's Amended Complaint.

77. Defendant denies the allegations set forth in Paragraph No. 77 of Plaintiff's Amended Complaint

Defendant denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" section concluding Count II of Plaintiff's Amended Complaint.

## **COUNT III – CONSTRUCTIVE DISCHARGE**
## **IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

78. Paragraph No. 76[1] of Plaintiff's Amended Complaint, renumbered here as Paragraph No. 78, is a recitation of the law and requires no response from Defendant as the law will speak for itself.

79. Defendant admits the allegations set forth in Paragraph No. 77 of Plaintiff's Amended Complaint, renumbered here as Paragraph No. 79, to the limited extent it alleges Plaintiff was a Ryder employee on or after April 2018.

80. Defendant admits the allegations set fort in Paragraph No. 78, renumbered here as Paragraph No. 80, of Plaintiff's Amended Complaint.

81. Defendant denies the allegations set forth in Paragraph No. 79, renumbered here as Paragraph No. 81, Plaintiff's Amended Complaint.

82. Defendant denies the allegations set forth in Paragraph No. 80, renumbered here as Paragraph No. 82, Plaintiff's Amended Complaint.

83. Defendant denies the allegations set forth in Paragraph No. 81, renumbered here as Paragraph No. 83, Plaintiff's Amended Complaint.

84. Defendant denies the allegations set forth in Paragraph No. 82, renumbered here as Paragraph No. 84, Plaintiff's Amended Complaint.

85. Defendant denies the allegations set forth in Paragraph No. 83, renumbered here as Paragraph No. 85, Plaintiff's Amended Complaint.

86. Defendant denies the allegations set forth in Paragraph No. 84, renumbered here as Paragraph No. 86, Plaintiff's Amended Complaint.

87. Defendant denies the allegations set forth in Paragraph No. 85, renumbered here as Paragraph No. 87, Plaintiff's Amended Complaint.

---

[1] Under Count III of Plaintiff's Amended Complaint, the paragraphs begin at Number 76. Defendant's Answer has re-numbered the Paragraphs in correct sequential order.

88. Defendant denies the allegations set forth in Paragraph No. 86, renumbered here as Paragraph No. 88, Plaintiff's Amended Complaint.

89. Defendant denies the allegations set forth in Paragraph No. 87, renumbered here as Paragraph No. 89, Plaintiff's Amended Complaint.

90. Defendant denies the allegations set forth in Paragraph No. 88, renumbered here as Paragraph No. 90, Plaintiff's Amended Complaint.

91. Defendant admits the allegations set forth in Paragraph No. 89, renumbered here as Paragraph No. 91, of Plaintiff's Amended Complaint that Ms. Barber's work schedule was changed on or around May 23, 2021, but denies all remaining allegations.

92. Defendant admits the allegations set forth in Paragraph No. 90, renumbered here as Paragraph No. 92, of Plaintiff's Amended Complaint to the limited extent that Plaintiff's schedule was still changed after she objected to the change in schedule, but denies all remaining allegations.

93. Defendant admits the allegations set forth in Paragraph No. 91, renumbered here as Paragraph No. 93, of Plaintiff's Amended Complaint to the limited extent that it alleges Plaintiff resigned from her position, but denies all remaining allegations.

94. Defendant denies the allegations set forth in Paragraph No. 92, renumbered here as Paragraph No. 94, Plaintiff's Amended Complaint.

95. Defendant denies the allegations set forth in Paragraph No. 93, renumbered here as Paragraph No. 95, Plaintiff's Amended Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" section concluding Count III of Plaintiff's Amended Complaint.

**DEMAND FOR JURY TRIAL**

96. Defendant denies any and all claims set forth in Plaintiff's Amended Complaint that have not been specifically admitted above and demands strict proof thereof.

97. Defendant demands trial by jury and dismissal of all allegations against it.

**DEFENSES AND AFFIRMATIVE DEFENSES**

In addition to the foregoing admissions and denials, Defendant asserts the following defenses and affirmative defenses:

1. Plaintiff has failed to state claims upon which relief may be granted.

2. To the extent that Plaintiff has failed to satisfy any conditions precedent that are necessary to maintain her claims, or failed to fully exhaust her administrative remedies, such claims are barred.

3. Plaintiff's claims are barred to the extent that they are based on actions occurring outside the applicable statutes of limitation.

4. To the extent that Plaintiff is attempting to seek relief for any alleged conduct actionable under the Florida Civil Rights Act that occurred more than 365 days prior to the filing of any underlying charge of discrimination, such claims and relief are barred. Specifically, any alleged discriminatory conduct that occurred prior to December 7, 2020, is now time barred as Plaintiff failed to exhaust her administrative remedies.

5. Plaintiff's claims are barred to the extent that all personnel actions involving Plaintiff were undertaken in good faith and for legitimate business reasons.

6. Prior to April, 2018, Defendant was not Plaintiff's employer as the term is defined at 42 U.S.C. § 2000e.

7. If any allegations of unlawful conduct are established, Defendant's employees or agents implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment or authority. Accordingly, Plaintiff's recovery against Defendant is limited or barred altogether.

8. Even assuming, arguendo, that a trier of fact could determine that Defendant's employment decisions with respect to Plaintiff were motivated, in part, by discriminatory animus (a contention Defendant categorically denies), Defendant would have nevertheless made the same employment decisions, and taken the same actions, for non-discriminatory reasons. Thus, Plaintiff cannot establish that any impermissible factor was the but-for cause of the complained of actions.

9. To the extent Defendant discovers during the course of this action that Plaintiff engaged in any conduct which would warrant or would have warranted discharge under company policy or practice at an earlier date, Plaintiff's right to recover damages beyond the date of such discovery will be cut off.

10. Plaintiff's claims are barred to the extent that there is no causal connection between the events alleged in the Complaint and any damages which Plaintiff allegedly suffered.

11. Any damages that Plaintiff might recover in this action are subject to all applicable statutory caps or limitations on damages.

12. Plaintiff's claims for damages are barred in whole or in part to the extent that she has failed to exercise reasonable diligence to mitigate her damages.

13. Any interim earnings and benefits that Plaintiff has received must be offset against her claim for lost wages and benefits.

14. Plaintiff's demand for punitive damages must fail as Defendant, at all times, acted in good faith and had a reasonable belief that its actions were lawful.

15. To the extent Plaintiff alleges that she has suffered any mental injuries (a contention Defendant categorically denies), Plaintiff is not entitled to damages for such injuries, as any such injuries stem from causes and conditions unrelated to her employment or the actions of Defendant or its agents.

16. Defendant made reasonable, good faith efforts to comply with the law and such efforts preclude recovery of punitive damages in this matter.

17. Plaintiff is not entitled to injunctive, equitable or declaratory relief, since Defendant's actions were premised upon legitimate, non-discriminatory reasons.

18. Even assuming, *arguendo,* that this Court were to conclude that Plaintiff was subjected to any harassing conduct pursuant to her claims of sex or race discrimination (a contention defendant categorically denies), Defendant exercised reasonable care to prevent and promptly correct any such alleged behavior, and Plaintiff failed to take advantage of any preventative or corrective opportunities or to otherwise avoid harm.

19. Defendant cannot be held vicariously liable for punitive damages due to any alleged willful and/or malicious discriminatory acts of its employees, as it has at all time relevant and material hereto, prepared, distributed and maintained employment policies and procedures prohibiting workplace discrimination, including discrimination on the basis of pregnancy and handicap, that its employees are required to follow.

### **RESERVATION OF RIGHTS CONCERNING ADDITIONAL DEFENSES**

Defendant reserves the right to plead other defenses and affirmative defenses that become known during its continuing investigation and during discovery in this case.

WHEREFORE, Defendant respectfully requests:

(a) That Plaintiff's Complaint be dismissed;

    (b)    That judgment be entered for Defendant;

    (c)    That Plaintiff take nothing; and

    (d)    That Defendant be awarded its attorneys' fees and costs.

DATED this 2nd day of February, 2023.

Respectfully Submitted,

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
200 West Forsyth St.
Suite 1700
Jacksonville, Florida 32202
Telephone:   (904) 356.8900
Facsimile:   (904) 356.8200

By: _____
Elizabeth H. Joiner, Esq.
Florida Bar No. 0107843
ejoiner@constangy.com

*Counsel for Defendant, Ryder Last Mile, Inc.*